### Western Union Telegraph Company v. G. M. Shumate.

#### No. 84.

**1. Telegram—Damages too Remote.**—S., at Gatesville, Texas, delivered for transmission to Oceanside, California, the following message: " Close the trade. I will come soon." To the officer in charge at Gatesville it was explained that the message related to the lease and purchase of land near Oceanville. The message was not delivered, and the trade failed. S. sold his personal effects at a sacrifice at Gatesville and went to Oceanville. The journey was useless, and he returned. In suit against the telegraph company for damages for nondelivery of the message, *held:*

1. That the loss from the sale of personal effects could not be considered as contemplated by the parties.

2. The journey to California and its expenses, however, could be regarded as in contemplation, and the expenses of the journey were properly chargeable as damages.

**2. Liability of Telegraph Company Beyond its Lines.**—A telegraph company receiving a dispatch to a point beyond its own lines, and taking pay for sending the full distance and without any limitation of liability, is bound to send the message to its destination and deliver it.

Appeal from Coryell. Tried below before Hon. C. K. Bell.

*Stemmons & Field,* for appellant.—1. The court erred in overruling the special exception, " that the item of loss on sale by plaintiff of his personal property is not an item of damage in the cause of action stated that can be recovered herein." Daniel v. Tel. Co., 61 Texas, 452.

2. The court erred in overruling the exception to the item of damages, $250 expenses of plaintiff and family to Oceanside, California, and $250 expenses of plaintiff and family in returning from Oceanside to Gatesville, because such an item of damages can not be recovered in this action. If such an item can be recovered, it would be plaintiff alone under the wording of the message. Tel. Co. v. Kirkpatrick, 76 Texas, 217; Daniel v. Tel. Co., 61 Texas, 452.

3. The court erred in finding any judgment for plaintiff, because defendant had speedily and correctly transmitted the message and delivered it to the connecting line, and the failure was on the connecting line. Railway v. Baird, 75 Texas, 256; Stevens v. Tel. Co., 16 U. C. Q. B., 530; Laws. on Carr., 238–240; Railway v. Dwyer, 84 Texas, 198.

*Vardiman, White & Taylor*, for appellee.—The message on its face indicates, first, a pecuniary business transaction, and second, a trip and the necessary expenses attending it from Texas to California. This, in connection with the statement made by appellee Shumate at the time he delivered appellant the message for transmission, was sufficient to bring the item of damage for the transportation of appellee and his family, baggage, etc., and the sacrifice and sale of his household effects, as damages in contemplation of the parties that might proximately flow from a breach of the contract. 6 Wait's Act and Def., p. 15, sec. 15; De Rutte v. Tel. Co., 1 Daly, 547.

COLLARD, Associate Justice.—Suit by Shumate, the appellee, against the appellant, for damages for failure to transmit and deliver the following telegram:

"Gatesville, November 30, 1887.

"*Mr. G. F. Johnson, Oceanside, Cal.:*

  " Close the trade. I will come soon.

" G. M. Shumate."

Plaintiff paid the full charge for the message through to Oceanside.

The line of the Western Union extended to San Bernardino, California, and no further in the direction of Oceanside. From San Bernardino the company relied upon the California Southern Railway Company for transmission of messages to Oceanside, over its private lines. The message in question was sent to San Bernardino by defendant, and was delivered to the California Southern Railway Company to be forwarded to Oceanside. It was not delivered to Johnson at Oceanside, and the trade was not closed, as directed by Shumate.

Shumate resided in Coryell County, Texas, and in November, 1887, he received a letter from G. F. Johnson, at Oceanside, with a request to join him in a lease and purchase of land near Oceanside, and the telegram to Johnson was a reply to the letter. Shumate testified, that at the time he delivered the message to defendant's agent at Gatesville, he (Shumate) told him that unless it went through all right, it would crush him or break him up, and Tillman, the agent, assured him it would go through all right.

Plaintiff moved with his family from Gatesville to Oceanside, going by rail, but when he arrived at Oceanside he learned that the trade had not been made because his message had not been delivered, and the owner

of the property had made other arrangements.    Shumate then returned with his family to Gatesville, Texas.

Plaintiff in his petition claimed damages for loss occasioned by the failure to make the trade; loss by selling off some of his effects in Texas at a sacrifice, preparatory to leaving; expenses in going to and returning with his family from Oceanside.

The court below sustained defendant's exceptions to the item of damage for loss from failure to close the trade of lease and purchase of property at Oceanside, and overruled exceptions to alleged damages by sacrifice by sale of effects in Texas, and expenses going to California and returning.    The trial before the court resulted in a judgment for plaintiff for $375, from which defendant has appealed.

The first error assigned is the action of the court in overruling the exception to the item of damage alleged by sale of property at a sacrifice. Evidence was offered sustaining the item, and it evidently entered into the amount of damages for which judgment was rendered.

This assignment of error is well taken.    The damages claimed are too remote, and could not have entered into the contemplation of the parties at the time the telegram was received.    Plaintiff was not bound to sell his property, and defendant would not be responsible for the price it brought.

The second assignment is to the effect, that the court should have sustained the exception to the claim in the petition of compensation for expenses incurred by plaintiff in going to and from California with his family.

In our opinion, the relation of these expenses to a breach of the obliligation on the part of the defendant is such as to constitute them legitimate damages.    They proceed directly from the breach, and are the natural consequences flowing from it.    To avail himself of the lease and acquisition of the property in California, plaintiff had to move with his family to Oceanside; his moving there with his family was a necessary incident of the trade referred to in the dispatch, a consequence for which defendant would be liable upon failure to transmit and deliver the message.    3 Suth. on Dam., 298, et seq.

But appellant insists, that by the terms of the contract it was exempt from damages except for failure of performance on its own line, and that as the evidence shows no such failure, it would not be liable.

Plaintiff's testimony showed that the telegram was written on a letterhead of Schley Bros. & Co., and not upon the forms of the company, and that after he returned from California, defendant's agent gave him the original to copy, and at this time it was not attached to one of defendant's blank contracts.    Defendant's agent testified, that when he received the telegram, he at the time attached it to the blank contract, and that he was not authorized to receive or send a message unless on such blank.

The testimony justified the court in finding that the blank form was not attached to the message at the time it was received by the agent.

It is, therefore, not necessary for us to decide whether there was in the blank such stipulations as would exempt the company from liability for the default of the connecting line from San Bernardino to Oceanside, the court below having decided (as we presume in favor of the judgment he did) that it was not a part of the contract. The testimony, we think, is sufficient to sustain the finding.

The defendant having received full pay for the transmission of the message through to Oceanside, without a contract limiting its liability to its own line, was bound to send the message to its destination and deliver it. Railway v. Baird, 75 Texas, 256.

We do not hold that the stipulations in the contract attached to the message would or would not absolve the company from liability according to the conditions stated. We do not enter into these questions, the judgment of the court below being supported by the conclusion that such stipulations were not a part of the contract.

This disposes of appellant's assignments of error. Appellee having presented none, there are no other questions before us.

Because of the error of the court in allowing plaintiff to predicate a part of his damages upon the sale of his property at a sacrifice, the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered February 8, 1893.